United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 25, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40137
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSENDO JESUS MORALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-214-1
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Rosendo Jesus Morales appeals his convictions following jury trial for aiding and abetting in the transportation of currency exceeding $10,000, without filing the required form, and aiding and abetting in the evasion of a currency reporting requirement by concealing more than $10,000 in a vehicle and attempting to transport it. Morales was sentenced to a term of imprisonment of 33 months on each count, the terms to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Morales argues that the district court abused its discretion in denying his motion for new trial based on Morales' argument that the exclusion of testimony at trial resulted in a miscarriage of justice. He argues that he sought to present relevant evidence to support his defense that he was unaware of the presence of currency concealed in a spare tire located under his truck. He further argues that the district court erred in determining that the evidence was cumulative.

The parties agreed that the only disputed issue at trial was whether Morales had knowledge of the currency in the tire under his truck. The jury was aware that Morales told agents that he was going to Mexico for a medical visit. However, as the district court correctly determined, the fact that Morales' trip may have also had a legitimate purpose did not preclude a jury finding that Morales knew that he was illegally concealing and transporting funds.

Because the excluded evidence had little relevance and was cumulative, the district court did not abuse its discretion in refusing to admit the evidence. Thus, the denial of the motion for new trial sought based on the exclusion of such evidence did not result in a miscarriage of justice. The conviction is AFFIRMED.